**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-10044
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

REFUGIO LANDEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(4:95-CR-42-Y)
_____

March 10, 1997

Before DAVIS, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Appellant stands convicted of three drug trafficking counts: conspiracy with intent to distribute cocaine, possession with intent to distribute cocaine and aiding and abetting the possession of marijuana with intent to distribute; 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C). The court sentenced Landeros to a term of 121 months on each count to run concurrently, supervised release of five years, and a special assessment fee of $50 on each count.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The sole issue on appeal is whether the government produced sufficient evidence to convict the defendant on count 3, aiding and abetting the possession of marijuana with intent to distribute. Except for the additional $50 special assessment on count 3, the outcome of this appeal has absolutely no effect on the defendant's sentence. Therefore, rather than affirm or make a detailed review of sufficiency at this time, we choose to follow another course. We invoke the concurrent sentence doctrine to decline review of defendant's conviction on count 3. Because of the $50 special assessment on count 3 and in order to obviate any other possible adverse consequences to the defendant (which we cannot foresee at this time), we elect to vacate the unreviewed conviction. We have followed this course a number of times. *See* United States v. Montemayor, 703 F.2d 109, 116 (5th Cir. 1983). As we observed in Montemayor, vacating the unreviewed conviction in no way alters the jury's verdict or the conviction itself. "The effect of this judicial action is to suspend imposition of the sentence. No need of the government is impaired; at the same time, no possibility of adverse collateral consequences to defendant exists." *See also* United States v. Cardona, 650 F.2d 54, 58 (5th Cir. 1981).

Conviction VACATED.